08-4010-ag
Arbieto-Cortez v. Holder

BIA
Straus, IJ
A098 642 731
A098 642 732
A098 642 733
A098 642 734
A070 868 824

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.
_____

WILFREDO ARBIETO CORTEZ, LINA CONSUELO LOPEZ DE ARBIETO, LIZBETH ARBIETO LOPEZ, WILFREDO ARBIETO LOPEZ, LINA KATHERINE ARBIETO LOPEZ,
        *Petitioners*,

        v.                              08-4010-ag

ERIC H. HOLDER, JR.,[1]               NAC
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.
_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR PETITIONERS:** Glenn L. Formica, New Haven, Connecticut.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioners, all natives and citizens of Peru, seek review of a July 16, 2008 order of the BIA affirming the November 28, 2006 decision of Immigration Judge ("IJ") Michael W. Straus which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re* Nos. A098 642 731/732/733/734, A070 868 824 (BIA Jul. 16, 2008), *aff'g* Nos. A098 642 731/732/733/734, A070 868 824 (Immig. Ct. Hartford, CT Nov. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen*

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's denial of petitioners' application for relief.  The agency reasonably determined that petitioners did not suffer past persecution because the anonymous threats they received, without more, constituted harassment that does not rise to the level of persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  The agency also reasonably determined that petitioners did not have a well-founded fear of future persecution because Wilfredo, the lead applicant before the agency, has been retired from his post as prosecutor for several years and nothing in the record indicated that he would still be a target if he returned to Peru.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best.").  Although Wilfredo testified that former prosecutors in Peru had been killed years after their retirement, he provided no evidence that this had been

3

the case. *See Tun v. INS*, 445 F.3d 554, 568 (2d Cir. 2006).

Moreover, substantial evidence supports the agency's determination that, even if petitioners demonstrated past persecution or a well-founded fear of future persecution, they failed to demonstrate that the government was or would be unable or unwilling to control the alleged persecutors. *See Ivanishvili*, 433 F.3d at 342. Contrary to petitioners' assertions that the government could not provide assistance, Peruvian officials investigated the written threat left at Wilfredo's home, assigned guards to him for approximately three months, and arranged a transfer for him to a different town. With respect to the subsequent phone threats petitioners received, they failed to report them to police. Thus, the agency reasonably determined that petitioners failed to demonstrate the government's inability or unwillingness to control the alleged persecutors. *See id.*

Because petitioners were unable to meet their burden of proof for asylum, their withholding of removal claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

To the extent petitioners challenge the IJ's denial of their request for CAT relief, we are without jurisdiction to consider that argument as they failed to exhaust that claim

4

before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).  We dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk